# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:12CR53 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ALVIN SIAS and | ) | |
| CHAD BAILLARGEON, | ) | |
| Defendants. | ) | |

This matter is before the Court on the Findings and Recommendation (Filing No. 59) issued by Magistrate Judge F.A. Gossett recommending that the motions to suppress filed by the Defendant Alvin Sias (Filing No. 28, 40) and the motions to suppress filed by the Defendant Chad Baillargeon (Filing Nos. 32, 34) be denied. Sias and Baillargeon each filed a statement of objections to the Findings and Recommendation and a supporting brief (Filing Nos. 65, 66, 67, 68) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a).

The Defendants are charged in a two-count Indictment with conspiracy to possess with intent to distribute 100 kilograms or more of marijuana (Count I) and possession with intent to distribute 100 kilograms or more of marijuana (Count II). The Defendants seek suppression of evidence obtained as a result of their February 1, 2012, encounter with law enforcement, primarily as a result of the traffic stop, detention, and search of their vehicle.

Following an evidentiary hearing, Judge Gossett issued oral findings of fact and conclusions of law and a brief written Findings and Recommendation. Judge Gossett concluded: both Defendants have standing; the traffic stop was supported by probable cause in light of three judicially noted traffic violations; the length of detention was reasonable; both Defendants knowingly and voluntarily consented to the search of the

truck; the search of the truck did not exceed the scope of consent; reasonable suspicion supported the Defendants' detention after one Defendant admitted the truck "probably" contained marijuana; and probable cause supported the issuance of a search warrant for the Defendants' cell phones and, if such probable cause is lacking, the *Leon* good faith exception applies. Judge Gossett therefore recommends that the motions to suppress be denied.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendants have objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Gossett provided an account of the events surrounding the stop, detention and search. (Filing No. 61, at 49-51.) The Court has considered the transcripts of the hearings conducted by Judge Gossett and carefully viewed the evidence, including the DVDs. There are no objections to Judge Gossett's factual findings, and based on a de novo review of the record the Court adopts those factual findings.

## ANALYSIS

The Defendants object to various conclusions of law. The objections are discussed below.

**I.    Length of Stop**

Both Defendants argue that the stop was unreasonably extended.  Sias relies on *United States v. Peralez,* 526 F.3d 1115 (8th Cir. 2008), for the proposition that the breadth or relevance of an officer's inquiry also relates to the reasonableness of the stop.  Although both Defendants quote Eighth Circuit cases at length, neither Defendant specifically stated what factors suggest that the stop was unreasonably long, nor specifically applied the case law to the facts of this case.

The reasonableness of the length of a traffic stop and its resulting detention are fact-based questions, and a traffic stop is not subject to a defined limit.  *United States v. Riley,* 684 F.3d 758, 765 (8th Cir. 2012).  In this case, the stop lasted approximately eighteen minutes.  Officer Lewis observed at a ruse checkpoint that the Defendants appeared to avoid the area once they saw signs indicating a State Patrol checkpoint.  He observed the truck, a Ford 150 with Nevada license plates, exit from I-80 after the signs, first signal right and then left and head north before turning onto an on-ramp to I-80, take a U-turn on the ramp, return to the road, then turn onto an off-ramp for I-80 without signaling, make another U-turn and return to the road without signaling.  The truck was stopped.  Sias claimed they were following his GPS which malfunctioned and they were lost.  The men stated they were en route to Rhode Island to do underground pipeline work at a new federal building.  Officer Lewis's hesitation in believing Sias's answers is evident to one watching the DVD of the stop, if one observes Officer Lewis's line of questioning and tone of voice.  The officer's discovery of the large wooden compartment that could not be opened at the scene, together with dryer sheets that had been placed underneath the wooden box, contributed to his reasonable suspicion that justified the Defendants' further

detention while the truck was towed and searched. The line of questioning was appropriate, and the length of the stop was not unreasonable.

II.     **Scope of Consent**

Both Defendants appear to object that the search of the truck exceeded the scope of consent. "The scope of a consensual search is determined by what 'the typical reasonable person [would] have understood by the exchange between the officer and the suspect.'" *United States v. Lopez-Vargas,* 457 F.3d 828, 830 (8th Cir. 2006) (quoting *Florida v. Jimeno,* 500 U.S. 248, 251 (1991)).

The officers were unable to open a portion of the suspicious large wooden box found in the truck at the scene, and they had to tow the truck to a nearby location to remove it. The bales of marijuana were then discovered in the wooden box. When asked for consent to search the truck, Sias responded with "I don't care," and Baillargeon said "It's okay." Neither Defendant limited or withdrew his consent. After a drawer in the box was pulled out at the scene with dryer sheets falling out from underneath the box, Trooper Goltz asked Baillargeon if the box contained marijuana. Baillargeon replied, " Probably." Neither Defendant objected as the truck was towed for a more intensive search. Under these circumstances, an objectively reasonable officer would construe the Defendants' consent to include a search of the wooden box at the scene and the garage where the search was continued.

III.    **Cell Phones - Probable Cause for Search Warrant**

The Defendants contend that the affidavit in support of the search warrant for the Defendants' cell phones does not contain sufficient probable cause for issuance of the warrant. The determination of probable cause rests on a "'common-sense reading of the

entire affidavit.'" *United States v. Seidel,* 677 F.3d 334, 338 (8th Cir. 2012) (quoting *United States v. Timley,* 443 F.3d 615, 624 (8th Cir. 2006)). If probable cause is lacking, one exception to the exclusionary rule is the good-faith exception where officers rely on the warrant in good faith. *United States v. Hessman,* 369 F.3d 1016, 1019 (8th Cir. 2004).

In this case, the affidavit describes the search of the compartment in the truck that contained approximately 325 pounds of marijuana and the affiant's statement of the frequent existence of electronic records kept on drug dealers' cell phones. Clearly, a common-sense reading of the affidavit results in a finding of probable cause. Even assuming for the sake of argument that probable cause does not exist, the *Leon* good-faith exception applies.

### IV. Baillargeon's Detention

Baillargeon argues that he was detained without reasonable suspicion. Where reasonable suspicion exists, officers may briefly detain an individual to conduct a reasonable investigation. *United States v. Zamora-Lopez,* 685 F.3d 787, 790 (8th Cir. 2012). The facts surrounding the traffic stop, including the Defendants' attempt to circumvent the ruse checkpoint, together with some of the details stated by the Defendants regarding their trip, created reasonable suspicion for his detention.

### V. Baillargeon's Arrest

Baillargeon also argues that he was arrested without probable cause. The law is clear that a warrantless arrest is reasonable under the Fourth Amendment when "'trustworthy information . . . lead[s] a prudent person to believe that the suspect had committed or was committing a crime.'" *United States v. Luke,* 686 F.3d 600, 605 (8th Cir. 2012) (quoting *United States v. Parish,* 606 F.3d 480, 486 (8th Cir. 2010)). In this case,

Baillargeon had admitted the truck "probably" contained marijuana, and his statement alone provided sufficient probable cause for his arrest.

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 59) is adopted in its entirety;

2. The Defendants' objections to the Findings and Recommendation (Filing Nos. 65, 67) are overruled; and

3. The Defendants' motions to suppress (Filing Nos. 28, 32, 34, 40) are denied.

DATED this 20th day of August, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge